UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. IVANNE VAZQUEZ, | No. 2:15-cv-0187 GEB DAD PS |
| Plaintiff, | |
| v. | |
| SELECT PORTFOLIO SERVICING, INC., | ORDER AND<br>FINDINGS & RECOMMENDATIONS |
| Defendant. | |

This matter came before the court on March 20, 2015, for hearing of defendant's motion to dismiss pursuant to Rule 12(b)(1), 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure. Attorney Bryan Hawkins appeared on behalf of the defendant. There was no appearance by, or on behalf of, plaintiff R. Ivanne Vazquez.[1] After hearing oral argument, defendant's motion was taken under submission.

/////

---

[1] On April 13, 2015, plaintiff filed a motion to "re-schedule hearing" of defendant's motion to dismiss. (Dkt. No. 18.) Therein, plaintiff explained that the reason he did not appear at the March 20, 2015 hearing on the motion is because he "was totally sick" and "was caring for [his] grandfather who was very sick." (Id. at 1.) However, having reviewed all the documents submitted in connection with defendant's motion, the undersigned finds it unnecessary to set this matter for another hearing of defendant's motion. Accordingly, plaintiff's April 13, 2015 motion to re-schedule will be denied.

1

For the reasons stated below, the undersigned will recommend that defendant's motion to dismiss be granted.

## BACKGROUND

Plaintiff commenced this action on January 12, 2015, by paying the required filing fee and filing a complaint in the U.S. District Court for the Northern District of California.[2] (Dkt. No. 1.) Plaintiff's complaint alleges causes of action pursuant to the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA"), Cal. Civil Code § 1788, *et seq.*, as well as a claim for the "INVASION OF PRIVACY BY INTRUSION UPON SECLUSION." (Compl. (Dkt. No. 1) at 2-4.[3]) The matter was transferred to this court on January 20, 2015. (Dkt. No. 3.) On February 17, 2015, defendant noticed the pending motion to dismiss for hearing before the undersigned. (Dkt. No. 12.) Plaintiff filed an opposition on March 12, 2015. (Dkt. No. 15.) Defendant filed a reply on March 19, 2015. (Dkt. No. 16.) Plaintiff filed a filed an unauthorized sur-reply on April 17, 2015.[4] (Dkt. No. 19.)

## STANDARDS

I.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

---

[2] Plaintiff is proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[3] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[4] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules. See FED. R. CIV. P. 12; Local Rule 230. Nonetheless, in light of plaintiff's pro se status, the undersigned has reviewed the sur-reply and considered it in evaluating defendant's motion.

1    When a party brings a facial attack to subject matter jurisdiction, that party contends that
2    the allegations of jurisdiction contained in the complaint are insufficient on their face to
3    demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039
4    (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards
5    similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes,
6    23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.
7    1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted
8    only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v.
9    Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v.
10   Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review
11   evidence beyond the complaint without converting the motion to dismiss into a motion for
12   summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.
13   When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no
14   presumption of truthfulness attaches to the plaintiff's allegations.  Thornhill Publ'g Co., 594 F.2d
15   at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any
16   evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of
17   jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule
18   12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden
19   of establishing that such jurisdiction does in fact exist.  Thornhill Publ'g Co., 594 F.2d at 733.
20   II.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)
21   The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
22   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
23   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of
24   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901
25   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to
26   relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A
27   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
28   the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. See also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

III.   Legal Standards Applicable to Motions Pursuant to Rule 12(e)

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time

>    the court sets, the court may strike the pleading or issue any other appropriate order.

FED. R. CIV. P. 12(e).  See also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1170, 1190–91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response.").

A court should deny a motion for a more definite statement "if the complaint is specific enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail sought by a motion for more definite statement is obtainable through discovery." C.B., 691 F. Supp. 2d at 1191.  A Rule 12(e) motion "is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005).  This liberal pleading standard is consistent with Federal Rule of Civil Procedure 8(a) which allows pleadings that simply contain a "short and plain statement of the claim."  Id.

## ANALYSIS

Defendant argues that plaintiff's "entire complaint fails to allege any facts as to what" the defendant did wrong.  (Def.'s MTD (Dkt. No. 12) at 14.)  A reading of plaintiff's complaint reveals that the complaint sets forth the basis for the court's jurisdiction, identifies the parties, asserts causes of action and requests relief.  The complaint does not, however, allege a single fact addressing defendant's alleged wrongful conduct.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

1  enhancements.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at
2  555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the
3  defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

4  Although plaintiff's complaint does not contain any factual allegations, attached to that
5  complaint as Exhibit 2 is a September 30, 2013 letter from Select Portfolio Servicing seeking
6  payment of plaintiff's mortgage payments for the period from November 1, 2012 through
7  September 1, 2013. (Compl. (Dkt. No. 1) at 15.) Nonetheless, all of the complaint's causes of
8  action have a one-year statute of limitations. 15 U.S.C. § 1692k(d); CAL. CIV. CODE §
9  1788.30(f); Guillen v. Bank of America Corp., No. 5:10-cv-5825 EJD (PSG), 2011 WL 4071996,
10 at *10 (N.D. Cal. Aug. 31, 2011) ("the applicable limitations period for of invasion of privacy is
11 one year in California"); Ion Equipment Corp. v. Nelson, 110 Cal. App.3d 868, 880 (1980) ("The
12 statute of limitations in which to commence an action for invasion of privacy is one year."). In
13 this regard, even assuming the September 30, 2013 letter attached to the complaint constitutes in
14 some way an allegation by plaintiff of defendant's wrongful conduct, plaintiff's complaint would
15 barred by the applicable statutes of limitation.

16 Defendant also argues that this action is barred by the doctrine of res judicata. In this
17 regard defendant has requested that the court take judicial notice of the fact that plaintiff has
18 previously litigated a similar action against the defendant. (Def.s' MTD (Dkt. No. 12) at 11; RJN
19 (Dkt. No. 12-1) at 1-4.) On August 15, 2013, plaintiff filed a complaint in the U.S. District Court
20 for the Northern District of California, naming as a defendant Select Portfolio Servicing and
21 alleging violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act and
22 the Uniform Commercial Code.[5] See R. Ivanne Vazquez v. Select Portfolio Servicing, et al.,
23 Case No. 13-cv-3789-JST (N.D. Cal. 2013); (Def.'s RJN (Dkt. No. 12-2) at 2-7, 30).

24 On January 13, 2014, the District Judge assigned to that earlier action granted the
25 defendant's motion to dismiss and granted plaintiff leave to file an amended complaint. (Def.'s

---

[5] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also FED. R. EVID. 201.

6

1  RJN (Dkt. No. 12-2) at 29-34).  On March 5, 2014, plaintiff filed an amended complaint in that
2  earlier filed action alleging causes of action for "lack of standing to foreclose," fraud in the
3  concealment, fraud in the inducement, intentional infliction of emotional distress, illegal
4  securitization, "violations of RESPA, TILA," and "petition to quiet title."  (Def.'s RJN (Dkt. No
5  12-3) at 2.)  Defendant again moved to dismiss and, on May 20, 2014, the District Judge assigned
6  in that action granted the motion to dismiss without leave to amend.  (Def.'s RJN (Dkt. No. 12-4)
7  at 15-17.)

8        The doctrine of res judicata governs "[t]he preclusive effects of former litigation."  Hiser
9  v. Franklin, 94 F.3d 1287, 1290 (9th Cir. 1996) (citing Migra v. Warren City School Dist. Bd. Of
10  Educ., 465 U.S. 75, 77 n. 1 (1984).  Under the doctrine of res judicata, "a final judgment on the
11  merits bars further claims by parties or their privies based on the same cause of action."  Montana
12  v. United States, 440 U.S. 147, 153 (1979).  The doctrine also "bars all grounds for recovery
13  which could have been asserted, whether they were or not, in a prior suit between the same parties
14  . . . on the same cause of action."  C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.
15  1987) (internal quotations omitted).

16        "Res judicata applies when 'the earlier suit . . . (1) involved the same "claim" or cause of
17  action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical
18  parties or privies.'"  Mpoyo v. Litton ElectroOptical Systems, 430 F.3d 985, 987 (9th Cir. 2005)
19  (quoting Sidhu v. Flecto Co., 279 F.3d 896, 900 (9th Cir. 2002)).  The court looks at four criteria
20  to determine whether two suits involve the same claim or cause of action, "(1) whether rights or
21  interests established in the prior judgment would be destroyed or impaired by prosecution of the
22  second action; (2) whether substantially the same evidence is presented in the two actions; (3)
23  whether the two suits involve infringement of the same right; and (4) whether the two suits arise
24  out of the same transactional nucleus of facts."  Turtle Island Restoration Network v. U.S. Dept.
25  of State, 673 F.3d 914, 917-18 (9th Cir. 2012).

26        "Reliance on the transactional nucleus element is especially appropriate because the
27  element is 'outcome determinative.'"  ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d
28  960, 968 (9th Cir. 2010) (quoting Mpoyo, 430 F.3d at 988).  "[T]he inquiry into the 'same

7

1    transactional nucleus of facts' is essentially the same as whether the claim could have been

2    brought in the first action." U.S. v. Liquidators of European Federal Credit Bank, 630 F.3d 1139,

3    1151 (9th Cir. 2011).

4        Here, plaintiff's earlier action involved the same parties and a final judgment on the merits

5    of that action was entered. See Colodney v. Orr, No. EDCV 14-1973-VAP (SPx), 2015 WL

6    1636818, at *5 (C.D. Cal. Apr. 9, 2015) (dismissal without leave to amend is a final judgment on

7    the merits); Nnachi v. City of San Francisco, No. C 10-0714 MEJ, 2010 WL 3398545, at *5

8    (N.D. Cal. Aug. 27, 2010) ("Dismissal of an action with prejudice, or without leave to amend, is

9    considered a final judgment on the merits. Dismissal for failure to state a claim under Rule

10   12(b)(6) is also considered a final judgment on the merits.").

11       In his opposition to the pending motion to dismiss, plaintiff argues that the two actions

12   involved different claims. He argues that in this action his claims concern "the allegedly

13   unlawful misrepresentations, alleged unfair and illegal practices in defendant's effort to collect on

14   an alleged debt . . . . as opposed to any legitimacy of their alleged debt."[6] (Pl.'s Opp.'n (Dkt. No.

15   15) at 6.) However, as noted above, attached to plaintiff's January 12, 2015 complaint filed in

16   this court is a September 30, 2013 letter from Select Portfolio Servicing to plaintiff, thanking

17   plaintiff for his "August 29, 2013 and September 17, 2013," correspondence "regarding

18   validation of the debt" and explaining that Select Portfolio Servicing acquired plaintiff's

19   mortgage loan on June 1, 2013, and that "at that time [his] loan was due for the November 1,

20   2012 monthly mortgage." (Compl. (Dkt. No. 1) at 15.) Plaintiff has also attached to his

21   complaint in this action a July 22, 2013 letter from plaintiff to Select Portfolio Services

22   demanding that Select Portfolio Services "CEASE AND DESIST COLLECTIONS ACTIVITIES

23   PRIOR TO VALIDATION OF PURPORTED DEBT" and citing to "the Fair Debt Collection

24   Practices Act laws of the United States Code § 1692 et. seq." (Id. at 27.)

25   /////

26

---

[6] In his March 5, 2014 amended complaint filed in the earlier Northern District action, however, plaintiff argued that it was "very clear" that "Select Portfolio Servicing Inc.," did not "have any authority to collect . . . ." (Def.'s RJN (Dkt. No. 12-3) at 5.)

It is apparent from plaintiff's July 22, 2013 letter and Select Portfolio Servicing's September 30, 2013 letter, plaintiff could have raised the claims he now asserts in this action in his earlier action filed in the Northern District. Specifically, plaintiff could have presented these same allegations in the March 5, 2014 amended complaint filed in the earlier filed Northern District action. See Turtle Island, 673 F.3d at 918 ("If the harm arose at the same time, then there was no reason why the plaintiff could not have brought the claim in the first action. The plaintiff simply could have added a claim to the complaint."); United States v. Liquidators of European Federal Credit Bank, 630 F.3d 1139, 1151 (9th Cir. 2011) ("where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding"). Therefore, this action is also barred by res judicata doctrine.

For all of the reasons stated above, the undersigned concludes that defendant's motion to dismiss should be granted.

## LEAVE TO AMEND

The undersigned has carefully considered whether plaintiff could amend his complaint to state a claim upon which relief can be granted that would not be barred by the doctrine of res judicata. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Here, in light of the deficiencies noted above the undersigned finds that it would be futile to grant plaintiff leave to amend in this case.[7]

/////
/////
/////

---

[7] If plaintiff believes that he can amend his complaint to state a claim that is not barred by the doctrine of res judicata, and that cures the deficiencies noted above, he should clearly explain specifically how he would do so in any objections he elects to file to these findings and recommendations.

CONCLUSION

Accordingly, IT IS ORDERED that plaintiff's April 13, 2015 motion to reschedule (Dkt. No. 18) is denied.

IT IS ALSO HEREBY RECOMMENDED that:

1. Defendant's February 17, 2015 amended motion to dismiss (Dkt. No. 12) be granted;

2. Plaintiff's January 12, 2015 complaint (Dkt. No. 1) be dismissed without leave to amend; and

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 22, 2015

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\vazquez0187.mtd.f&rs.docx